We will hear argument now in our third and final case. Patrick Ryan McGraw versus Theresa Gore et al. And Mr. McDonald, if you're ready, we'll hear from you. May it please the Court, Your Honor. This case falls comfortably within the spirit and the letter of law regarding relation-backed amendments, as well as Fourth Circuit precedent on the question. And the trial judge simply got it wrong and should be reversed. Mr. McGraw, let's begin with the rule itself. Rule itself was designed, and I encourage the Court to look at, the committee notes of the amendments that led to the relation-backed issue here. Because the relation-backed was designed to address a problem where Social Security recipients were denied, and then they had 60 days to bring lawsuit to recover the benefits. And frequently they named the United States government, they named a commissioner who had left office and missed their opportunity to do so. So the Rules Committee decided to change the rule to allow a liberal relation-backed in order to comply with the spirit of the statute of limitations, but also to recognize that particularly dealing with governmental defendants, that identifying the correct party to be sued can sometimes be an enormous challenge. In addition to that, we have a prisoner case here where we have a pro se litigant who filed a complaint. His attorney, in fact, is the one who did so because he struggles with reading and writing. And the class of prisoners suing their jailers for, in this case, grievous injuries, presents, they are disadvantaged in many ways that other litigants are not. And including court orders prohibiting them from having the ability to serve process. They don't have the ability to have the same access to information. Mail is an issue. Their file a lawsuit on time and as long as the defendants are not prejudiced and are served within the time allowed under Rule 4M, then there's no prejudice and there's no reason why the complaint should not be laid back. And that's exactly the situation that we have here. There's no question that, first of all, the initial complaint was brought against the North Carolina Department of Corrections, which is a non-existent entity. But nonetheless, the North Carolina Department of Public Safety knows who they are. And it was noticed to the As misguided as that designation of a defendant turned out to be, it's the same error that was recognized in this court in Robertson against Clifson, which qualified as a mistake under Rule 15 to allow relation back. And so for this reason, we contend that everything about the case suggests that the trial court should be reversed and the case be returned for further proceedings. Can I ask you a question? I am tracking your argument about applying Robinson to one of these defendants, Nurse Wargas, I don't know how to pronounce the name, who was apparently actually served, got formal legal process during the told 4M period for service. But what about the other defendant, Defendant Gore? What do you want us to do with respect to Defendant Gore? In this case, the trial judge dismissed Gore sua sponte simply because she was not served within the Rule 4M period. Now, it is well established and Robinson against Clifson establishes that the time is not counted against a plaintiff that is prohibited by court order or process from proceeding to serve a defendant. And here, because it's a pro se prisoner petition, the court cannot proceed with service until a trial judge permits it. So until Judge Flanagan issued an order allowing service to proceed, then he was hobbled by court order and could not begin to process the case. Then once he did, there is this standing order that stands in the place where the Department of Public Safety is required to receive the documents and they get 60 days to try to acquire voluntary compliance by the parties who are named. And if they don't get the waiver of service, then only is the summons issue. So in this case, the Department of Public Safety sat on that for 60 days without getting the waiver of service and returned it unserved and left the marshal service less than a month within that 90 days to serve. Now, as it turns out, they actually serve workers within that 90 day period, but they were unable to serve Gore within that period of time because she refused to take her certified mail. Now, so yes, counsel, I want to make sure you finish. Judge Harris may need to follow up because I'm not trying to keep you from answering that, but I take it from that answer is that you'd claim that you have a legal good cause through the time that the marshal service said it could not serve Gore. Correct? That's exactly correct, Your Honor. We do believe that. We do contend that. I have a factual question, and I know you requested an extension. I think that date of notice of failure to serve by the marshals was in March of 2020. Did you do anything to try to serve Gore? When I say you, I'm not sure. I'm not accusing or I don't even know if it was you personally, but were there any efforts to serve Gore after the marshal did that at any time between March 30th and the time the court entered the order? I know you had requested an extension, and that wasn't ruled on, but did you go ahead and try to serve her? We didn't have any information. The court had whatever service information that the Department of Public Safety may have given them, but we were not privy to that information. Now, apparently they did have an address for her, but they didn't share that address with us, and that's part of the standing order, so there was nothing that we could do, and if I'm not by the time the court notified us that service had not been accomplished, so we couldn't do anything without a valid summons going forward. Now, the court notified us and said show us good cause, and we showed the good cause that we had no power to do anything during this period of time, this court in particular has said that that is automatically good cause. So, it seems like just assuming hypothetically if we thought that you were right that Robinson controls the case with respect to the other defendant, then we would probably send this back maybe to the district court on defendant Gore to fit to rule on the motion and just figure out the service question, but a question I had after reading your briefs was are you also arguing that service or not? It's possible that within the told notice period, within the same 90 days that defendant Gore was put on constructive notice anyway about this suit because someone contacted her and tried to get her to waive process of the suit, and she said no, and then that would count as constructive notice, he or she, I don't know. Well, that would depend on whatever they filed with the court, which I'm presuming the court has access to, but we don't have access to it. I mean, if she was an employee, and she may have been at the time, they call her in, they say we'd like to use the waive service, I'm not going to do that, then she certainly would have had constructive notice, but we don't have the And another question is whether the delivery of the certified letter that she refused to take is constructive notice. It doesn't say that she couldn't be found, it says that she refused to receive it. So that might be constructive notice under any circumstance. Counsel, I mean, I'm defense, I think, if I'm remembering things right. And so we're dealing with this at a motion to dismiss stage. You know, all the issues that 15C1C talk about knowledge or you knew or should have known. How is that ever even knowable to a plaintiff at a Rule 12B6 stage, or at least in most cases? Well, with many of these things, they appear as a matter of record. Here, there is no question that Nurse Wargus would serve within the rules for imperious. That's clear. And there's also no question that the amended complaint arises out of the same facts and circumstances as the initial complaint. Those two things are. And you might also have it, you know, when we have the, you know, misnaming situation, you spelled the name wrong. I mean, then it's, but when it's a additional party, you know, a different person or a different entity, anyway, it's really not even necessarily the point here. I've just seems like it would be difficult to deal with that situation. Most of the time with a new party, you know, absent some sort of discovery. Anyway, it's kind of I'm just trying to figure out how it works, but maybe maybe it doesn't matter here. Well, I would like to add that certainly one of the seems to me that in order for a trial judge to find that it doesn't relate back, the trial court must find some kind of prejudice to the new party. And here, the trial judge didn't do that. And the presentation that Wargus made of prejudice is very, very slim. She didn't even disclose that she is not an employee. Now, that's in the briefing for this court. But I'm assuming that since she didn't raise that in her motion, and in her briefing before the trial court, she may have still been an employee then because what she said was at least one of the relevant witnesses is not an employee. But she didn't say that she was not an employee. Now, in this court, she may no longer be an employee. But if she was an employee at the time, then the judge would have a very difficult time citing that as grounds for prejudice. She also says that some of the records may not be available. She doesn't say what records might not be available. She doesn't say that there was a fire, that there had been destroyed. She merely asked the court to speculate that there might be missing records. And she says that the memories of witnesses might be less clear than they would have been earlier. But that's the truth. That's not anything specific that ought to support in finding a prejudice. Well, Mr. McDonald, you have time on rebuttal. So I'd like to reserve whatever it is. Unless my colleagues have questions, we will hear from Mr. Williams. Good afternoon, your honors. May it please the court. My name is Alec Williams, and I'm representing Ms. Vargas. The district court properly dismissed Plaintiff's Plaintiff because they do not provide that under Rule 15. And the reasons that they properly were dismissed because Plaintiff did not provide notice, timely notice, under Rule 15. There is a prejudice to defendants, and Plaintiff did not make the mistake in her identity. When you look at that last This court in 2006 said that the substitution of named parties for John Doe defendants does not constitute a mistake pursuant to Rule 15. Counsel, first of all, as you of course know, we either narrowed or substantially changed that decision en banc, depending on whether you read the majority or the dissent. But second of all, I don't understand how it makes any case because the plaintiff here did name a defendant. And if, as it appears under Robinson, he can substitute a new defendant for the named defendant, why does it matter whether he also theoretically might be able to substitute a defendant for the part where he put to be determined on the second defendant line? I just don't see how this raises the John Doe question. Your Honor, I'll address that in two different answers. First, I do think that Goodman, the following year, Goodman did talk about the John Doe defendant and things like that. And specifically in Goodman, the Fourth Circuit held that while parsing a law in front of a state does not typically aid application, naming a defendant self-evidently is not safe. And so when you see that in Goodman, I think that what the court is saying is that you cannot name a Joe defendant, come back after the statute has expired and start naming all these other named defendants. And other circuits have similarly held that to be true even after 2006, typically the Third Circuit, the Second, or excuse me, the Second, Sixth Circuit, and the Tenth Circuit. I think a well-established line of prudence that we do not allow litigants to name a bunch of John Does right before the statute of limitations expires and then come back and substitute them in later, sometimes months or years later. I think one of the things that you specifically see in that, and this was decided even after Robbins, was Everett v. Cherry, which was the Virginia case that was affirmed by... Counsel, I'm sorry. I don't want to cut you off, but I think we can probably argue a lot about the state of Fourth Circuit law on the John Doe question. We are a minority circuit, no question about it. And we could argue all day about that. But I guess maybe I'll direct you to the second part of my question, which is why does it matter for this case, given that he is a plaintiff who names the agency rather than individual defendants within the agency, that is a mistake for which you can make a Rule 15c substitution. So why doesn't that take care of this case? I think that Robinson is very different procedurally than this case. First, I would say that Robinson is different because in Robinson, the actual wrongdoer was named in that case, and that's not what happened here. And to answer your Honor's question, I think, a bit more pointedly, Robinson is also different because in that case, the individual was... Go ahead. I'm sorry. But it's the same for... I'm sorry. All we're talking about is the John Doe question, and it is 100% the same on that point, right? In both cases, the plaintiff named the agency instead of the individual defendant. In Robinson, we said, that's fine. You can do a substitution. This is not a John Doe case. You named the agency. So as to the John Doe question, why doesn't that control? He named the agency as a defendant. We held in Robinson, when you name the agency and you meant to name, you should have named an individual officer. That is the kind of mistake that is allowable under Rule 15C. So just on the John Doe question, I guess, I don't mean to get frustrated, but I don't understand. This isn't a John Doe case. On that specific question, the only difference I would note is that Robinson was decided on in formal brief only. The defendant never got to make these types of arguments to the court. So I think that this is an issue that, while may have been considered by the court, it was not fully briefed and argued by the defendants in that case, because they never filed a response to the Fourth Circuit, but only on an informal brief. But even if the court were to find that this does constitute a mistake under Rule 15C, defendants are still prejudiced, and plaintiffs still fail to provide a note. The defendants will be prejudiced. And this is most analogous to the Everett versus Ferry case that I mentioned, where there was a Doe substitution. And I know that in that case, let me back up, in that case, there were several individuals named, but even if there was not a Doe, Everett versus Sherry does not involve a Doe versus a Doe. It is actually a case where they named the prison and various prison individuals, and they wanted to come back and protect the party. And so in that case, the court found that there would be problems. The new party was no longer employed. That the medical provider who treated them were no longer in the prison. That's exactly what we have here. That is what this part is. So let me, counsel, if I could interrupt you there. I mean, it sounds like if the individuals who are added no longer work there, that equals prejudice. But I mean, that happens all the time in things within the statute and without the statute. I mean, you know, there's all I mean, it's not uncommon at all for someone to be named in a lawsuit after they stop working with a company and have allegations maybe outside the scope of their authority or something like that. Anyway, I could I can appreciate how it's more difficult. Don't me wrong. I used to defend cases where, you know, the individual no longer works there. So that creates complications. But it seems to me those complications and I also get the reality that the further from the events that took place, things get harder. But that's why we have statute of limitations that are, you know, three months. I mean, you know, that's kind of baked into that. It seems to me and I guess my bigger question is, doesn't Robinson, even if I agreed with you about your argument about prejudice, given the late notice and it's three years plus whatever time you've got to now, doesn't Robinson focus us on the extent to which the proceedings have advanced more so than just the passage of time events? Because that's a fair argument. Like I say, I think there's some real world effects there. But it seems like Robinson, even if we felt that, says, hey, you're looking at the wrong place. The question is, how far have the proceedings advanced? Yes, your honor. That was certainly the focus of Robinson, but I don't think it's the only way that you can define prejudice. And here in a 12 v 6 setting, we are limited to kind of the four corners of the complaint and the court is limited to considering only certain types of evidence. So for the defendant to put on a show of prejudice would have probably taken this motion well outside the context of a 12 v 6 motion. But counsel, under Robinson, your client was formal legal process, got a copy of the amended complaint within the required service period. I'm not aware of any case saying that if you are served, if the complaint is filed within the statute of limitations, and then you are served within the rule, whatever it is, 4M service period, if you were prejudiced, I've just never heard of such a case. Your client was, this isn't a constructive notice case or something where we might think, well, she was kind of on notice, but maybe there was some prejudice. She got a copy of the complaint within the mandated service period. I don't see how at that point we should be really concerned with prejudice at all. Your honor, I would respectfully disagree that she did get time I think that the case that states that rule 4M time period picking from the time the initial complaint is filed, not the date the amended is filed. And so if you look at the time from the initial complaint, there are delays that were caused by that. Well, Robinson says that we told it in cases like this, the service period. I mean, you may disagree with Robinson and it sounds like you do, but under Robinson, we told the service period until the district court is finished with the frivolity review and has authorized service of complaint. And your client was served 90 days after that day. So I don't, I'm just not sure what we can do within Robinson here. I don't think Robinson went so far to encompass delays. Robinson was focused on the time it took the court to consider frivolity and the delays called by the court, not the delays caused by plaintiff. And if you look at this case, there are approximately 55 days of delays that were caused by the plaintiff. And then after those 55 days, an additional 90 days that it took to serve his warrant. So plaintiff filed his complaint the last three days before the statute began. He got warranted to serve until that second. And then there's this additional 55 days. And I don't think that the Robinson court considers the delays caused by plaintiff, other than to calculate it into, yeah. How could that be? I mean, counsel, I mean, look, that may be a good argument on the clean slate, but didn't Robinson also make a mistake in the sense of naming the agent or the department rather than the individual? That was on Robinson, so to speak, just like its own, you know, McCraw that they named, they didn't name these individuals. And doesn't, I mean, whether that's a mistake or not, doesn't Robinson tell us that, yeah, that we are still tolling for that? And so your honor, I think that the one thing that we have here is that plaintiff failed to comply with the court's orders regarding the timing in this case. And I don't think that was present in Robinson. For example, after the first equality order was filed, plaintiff was given 21 days to submit an amended complaint. It took 41. So even if we take just those additional 20 days that it took him to file that amended complaint and tack those on to the 90 days or above the rule 4M time period allowed. So I think we have to- Counsel, counsel, can I say, so this is not what the district court held, right? The district court just, it appears, made a mistake and thought that the service had to come within the original governing statute of limitations, not within the service period. And just from my review of the briefing below, it doesn't sound like this argument, like it certainly doesn't sound as though anyone alerted the court to the idea that, no, no, you're supposed to use the period, but we don't think you should toll it for these 20 days. Like this, this is not the argument that the district court relied on. And it doesn't look like an argument that was ever made to the district court, but maybe I missed something. Well, your honor, I will say that, that Mr. McDonald at the time that you were talking about the motion to dismiss and he very clearly alerted the court to the public's opinion. I'm sorry. I meant the state. I'm your client did not say, right, right. Under Robinson, don't, you're not looking at the governing statute of limitations. You're looking at the service period under Robinson, the service period is told, but we have a very fact-based argument we want to make to you district court. You shouldn't toll it for 20 of these days. Did that argument get made to the district court? No, your honor, that argument did not get made. However, I do think that this court can still that argument just because this court is reviewing it on a de novo review. And so I do think that that is still an argument that the court can consider. And I think it's an argument that was not considered in Robinson. So your honor, the last thing I will say is that this case presents something that was also different than Robinson in that plaintiff's initial complaint. Councilor, I'm sorry, you're cutting in and out a little bit. I just didn't hear that sentence. I'm sorry, your honor. The last thing I will add is that Robinson did not involve a situation where the only timely complaint was not signed. In this a legal nullity. There's a plethora of cases that I've cited in our brief. At least one of them said that it cannot be a quote operable complaint. Another one said that it's void ab initio. And so when we look at this and we see that the only complaint the timely file was not signed, that's a legal nullity, there's nothing to relate back to. So, council, could I talk to you about that issue for a while? I may be remembering wrong, so please tell me if I am. But in reviewing, I recall looking at some of the cases cited that support the proposition you're making. And it seemed like they at least largely weren't, whether, don't deal with this issue of service within the required period or not. And with respect to the issue, we're facing a problem with the signing. I'm not sure why it wasn't signed, but it wasn't signed by the plaintiff or a lawyer. But nevertheless, how does the language of Rule 11A and the Supreme Court, I think it's Becker case, I think that I may have been named wrong on that one, but it was a case that says, I thought that if there was a problem either with unsigned complaint or improperly signed, and the plaintiff is notified and they correct it immediately that they don't use this language, but in effect, it relates back. Am I getting that wrong in terms of how the rule and the Supreme Court cases look at that? Your Honor, I don't know that I'm familiar with that particular case. So, I don't know that I can particularly answer that. I do know that the court litigates to correct a mistake, particularly where bleeding is asked at. The one thing I don't think that there is a decision on is whether that can occur when a statute of limitations is involved. If you have an unsigned complaint before the statute of limitations, it's not a complaint after the statute of limitations. I don't think there is a case that is completely on point with that situation. Okay, so your point is that there's no law where that occurs and the corrected complaint takes place after the statute is expired? Your Honor, I don't think the Supreme Court has ruled on anything, and I don't think the Fourth Circuit has either. If you look at the district court cases that I studied... Counsel, you say you're not familiar with the Becker case, although it is in your colleague's briefing, and the court was there dealing with a jurisdictional timeliness rule, and it said even though the notice of appeal came in before the jurisdictional rule expired, but was not signed until after the jurisdictional rule was expired, that's fine because it was corrected. There was no violation here, so it wasn't a statute of limitations, but it was jurisdictional. If anything, it was an even more severe cutoff, and the court said it's fine because under the last sentence of Rule 11, there's no problem here if you correct it immediately. And I'm sorry, Your Honor, I didn't recognize the name. In fact, I am familiar with the case, despite it not being a jurisdictional notice of appeal time, and it's a statute of limitations. The district courts that have handled those types of cases have found that an untimely complaint will nullify it. You have cases where district courts, even when it is called to the party's contemplated by Rule 11 and Becker, even so, the district courts say we don't care, it's still a nullity. Your Honor, I didn't find any cases like that. There are no cases squarely like this case. There are cases where there are individuals who did not sign their complaint before the statute was banned, and the court said that initial complaint is a legal nullity. Because it hadn't been corrected. Right. And I understand that. Okay. Correct. Your Honor, I see that my time has almost expired. And Your Honor, I would just like to thank you. Thank you. Mr. McDonald, you have some time remaining. Thank you very much. First of all, I'd like to correct the record here in that Mr. McGraw did not violate any of the court orders. The first tribology review asked him to revise his complaint and gave him 21 days to do that. He filed a motion saying that he needed help in writing that, which is an indication that he has the trouble with reading and writing that he has, and he needed help. And at this point, he was no longer incarcerated. So he asked for that, and that motion was allowed by a notice, really. It wasn't an order. But his request for extension of time appears in the record. And the document sheet also shows that the extension of time was allowed. So he complied with all of the timeframes that the court set. And so I think that the court has an important duty in the tribology review to kind of sort out the cases that are meritorious and the ones that are frivolous. And clearly, the court here thought that this was a meritorious case. And in contrast, Robinson against Clipsie was dismissed on tribology grounds. And so I think there's a distinction there, but it weighs in Mr. McGraw's favor, not against him. As far as the Supreme Court unanimous ruling on that question is dispositive of the issue, because it goes on to say that this will be generally applied. So I think that it's very clear that it was perfectly fine within established jurisprudence for him to correct the signing of the complaint within the time the court asked, which he did. And it wasn't unsigned, it was signed by his attorney in fact. And that was a typical mistake by untrained legal people. But in any event, I don't think that's dispositive of this case at all. I think that the relationship goes to the initial complaint, which was timely filed and gained notice of the that Mr. McGraw in his initial complaint was more concerned about showing what his injuries were and how his rights were violated. And the defect in that complaint was that he didn't know what the that he should sue the individuals. And unlike Locklear, which I agree with you, Judge Harris, is probably a questionably good law. I mean, clearly Goodman overruled at least some of it. But he did say that the nurses didn't live to see a doctor. He didn't name the nurses, but the nurses names were buried in these three boxes of documents that he couldn't read. He had noticed, and compared to Locklear, that was a case where the plaintiff admitted that he did not have the information in time to meet the statute of limitations. Here, McGraw had the information. It wasn't a lack of diligence on his part, it was just a mistake of law, which is correct. Everett is clearly, clearly distinguishable because in Everett, the case lingered for a year in state court without service at all. So there was no possibility that there could be relation back because of service within the Rule 4M period. The service, the notice that they were relying on in Everett was a newspaper article that some attorney for the new party admitted that he might have read, but he didn't think that that meant that his client ought to be a party to the case. So I just don't see the relevance of Everett at all to this case. The circumstances are vastly different. I have not found a case where a court has found that an unsigned complaint is a nullity in federal court at all. If there is one, I don't know what it might be. Maybe under state law sometimes, but not under federal law. Again, this is not a John Doe question. Am I over my limit? You are, counsel, so if you can just wrap up. Well, I just would request that the court reverse the trial court's order and direct that the trial court, I think that the court has the information that relation back does apply and that this amended complaint does relate back and that the same circumstances apply with Gore and that the court should, because the rule, I think it's rule four, says that when once good cause has been shown for failure to serve, which we think we've done, that the trial court must extend the time for service. And I believe that the court should be directed to extend the time for service against Gore. Thank you very much, your honors. I greatly appreciate your attention. Thank you very much. Our thanks to both of you. We are sorry we can't come down and greet you in person, but we do appreciate your help today and we hope we will see you soon in Richmond. And with that, we will adjourn court for the day. Thank you very much. This honorable court stands adjourned until tomorrow morning.
judges: Pamela A. Harris, Julius N. Richardson, A. Marvin Quattlebaum Jr.